Stupar & Bartell, S.C.
633 W. Wisconsin Ave.
Milwaukee, Wisconsin 53203-1918
414-271-2866
Thomas M. Bartell
tbartell@ssblawsc.com
Counsel to Defendant



## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter: 7 |
| Akorn Holding Company LLC, et al<br>Reorganized Debtors.[1] | Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>NORTH SHORE GAS,<br><br>Defendant. | Adv. Pro. No. 25-50300 (KBO) |

### ANSWER OF NORTH SHORE GAS TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547,548 AND 550 AND TO DISALLOW CLAIMS

Defendant NORTH SHORE GAS, by its undersigned counsel, answers George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al., complaint ("**Complaint**") as follows:

---

[1] The Debtor in this chapter 7 case, along with the last four digits of the Debtor's social security or federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located in 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

1-2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 1-2.

3-11. Defendant admits to ¶¶ 3-11 of the complaint.

12. Defendant admits to ¶ 12 of the complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶14.

15. Defendant admits to ¶ 15.

16. Defendant admits that the debtors made one or more transfers of an interest of the Debtors' property through payments aggregating not less than $19,092.11 to Defendant during the Preference Period. However, Defendant denies that Plaintiff can avoid the Transfers.

17-18. Defendant denies that Defendant received a demand letter from Plaintiff's counsel prior to this adversary action and only became aware of the debtor's bankruptcy proceeding when it received this complaint.

19. Defendant admits that Defendant bears the burden of proof to establish it is entitled to any defenses under section 574 (c).

20. Defendant denies that Plaintiff may avoid any of the Transfers, because Plaintiff has not considered or investigated Defendant's ordinary course of business defense.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 23.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 24.

**First Claim for Relief (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

25. Defendant realleges and incorporates its answers to paragraphs 1 through 24 hereof, as if fully set forth herein.

26. Defendant admits to ¶ 26.

27. Defendant admits to ¶ 27.

28. Defendant admits to ¶ 28.

29. Defendant denies that each payment it received were to reduce or satisfy one or more debts then owed by the applicable Debtor to Defendant.

30. Defendant denies that each payment was made for or on account of an antecedent debt owed by the applicable Debtor to Defendant.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 31.

32. Defendant admits to ¶ 32.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 34.

35. Defendant denies that each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Second Claim for Relief (Avoidance of Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B))**

36. Defendant realleges and incorporates its answers to paragraphs 1 through 35 hereof, as if fully set forth herein.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the debtor was insolvent on the date of the Transfers. However, Defendant denies that the debtor did not receive reasonably equivalent value in exchange for each Transfer, and that the debtor was engaged or about to engage in transactions for which any of its remaining property would have been unreasonably small capital. Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the debtor intended to incur or believed it would incur debts beyond its ability to pay upon maturity.

38. Defendant denies that any of the Transfers are avoidable as fraudulent under § 548(a)(1)(B).

**Third Claim for Relief (Recovery of Property - 11 U.S.C. § 550)**

39. Defendant realleges and incorporates its answers to paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendant denies that any of the Transfers are avoidable.

41. Defendant admits that it was the initial transferee of the Transfers but takes issue with the conclusion that they were "Avoidable Transfers."

3

42. Defendant denies that Plaintiff is entitled to recover any of the Transfers from Defendant.

### Fourth Claim for Relief (Disallowance of Claims - 11 U.S.C. § 502)

43. Defendant realleges and incorporates its answers to paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Defendant denies ¶ 44.

45. Defendant admits that Defendant has not remitted the amount of the transfers to the debtor's bankruptcy property. However, Defendant denies that they were "Avoidable Transfers" and that Defendant is liable under § 550.

46. Defendant denies ¶ 46.

## Affirmative Defenses

### Defenses as to Plaintiff's First Claim for Relief (11 U.S.C. §547)

### Ordinary Course of Business (11 U.S.C. §547(c)(2)).

1. Defendant realleges and incorporates its answers to all preceding paragraphs, to the extent that they are not inconsistent with the allegations set forth in these affirmative defenses.

2. Defendant provided energy services on nine accounts owned by the debtor.

3. Defendant would render services to the debtor before it expected payment and would bill the debtor each month by adding up the total value of services rendered over the course of the month. This was calculated separately for each account.

4. Defendant set due dates for payment of the monthly invoices at approximately, as shown by **Exhibit I**, two weeks after the service period for all accounts.

5. During the preference period (November 25, 2022 to February 23, 2023) and in the several months preceding the preference period, as set forth by **Exhibit I** attached hereto, the debtor paid the invoices either a few days before the due date or a few days after the due date. .

6. The debtor made six payments under the amount that was due, as shown by **Exhibit I**, during the preference period.

7. The debtor's pattern of receiving invoices and paying the invoices either just after or just before they were due remained unchanged between the preference period and the months preceding.

8. The debtor incurred monthly energy bills to continue to run its affairs and preserve its capital as any similarly situated business would.

9. Defendant did not engage in any extraordinary efforts to collect payment for the invoices paid during the preference period, but rather received payments from the debtor as it had prior to the preference period.

10. The debts at issue were incurred in the ordinary course of the debtor's business, and:

    a. Each Transfer on account of the debts were made in the ordinary course of the debtor's and Defendant's business and financial relationship; and
    b. Were made according to ordinary terms of payment in the energy services industry.

11. Defendant is entitled to a complete defense as to each Transfer, pursuant to 11 U.S.C. §547(c)(2).

12. Therefore, Plaintiff is not entitled to recover the value of any of the Transfers pursuant to 11 U.S.C. § 550(a).

### Subsequent New Value (11 U.S.C. §547(c)(4))

13. Defendant realleges and incorporates all allegations in paragraphs 1 through 12 of its affirmative defenses, to the extent that they are not inconsistent with the allegations set forth subsequently.

14. The total amount of the Transfers made during the preference period is **$17,889.06**, the first Transfer of which took place on November 26, as demonstrated by Plaintiff's **Exhibit I**. .

15. Defendant provided additional energy services to the debtor between November 25, 2022 and February 23, 2023, as demonstrated by **Exhibit I**.

16. The energy services rendered to the debtor subsequent to the debtor's first Transfer during the preference period constitute new value to the debtor.

17. Subject to further calculations as the case proceeds, at least **$17,889.06** worth of the Transfers is protected pursuant to 11 U.S.C. §547(c)(2).

18. Plaintiff is not entitled pursuant to 11 U.S.C. § 550(a), to recover the value of the transfers protected by the subsequent new value defense.

### Defenses as to Plaintiff's Second Claim for Relief (11 U.S.C. §548(a)(1)(B))

### Failure to State a Claim

19. Defendant realleges and incorporates its answers to all preceding paragraphs, to the extent that they are not inconsistent with the allegations set forth in this affirmative defense.

20. Plaintiff makes the general assertion that the Transfers were made for less than reasonably equivalent value, which is a mere recitation of an element of the cause of action.

21. Plaintiff has not plead any facts to support its general assertion that the Transfers were made for

5

less than reasonably equivalent value.

   a. Plaintiff has not plead what the rate charged for services was during the preference period.
   b. Plaintiff has not plead what the market rate for similar services would have been during the preference period.
   c. Plaintiff has not plead the rate Defendant normally charged for the same services to other customers or what Defendant had normally charged to the Debtor prior to the preference period.

22. Plaintiff has not plead facts sufficient to state a claim for constructive fraudulent transfer under §548(a)(1)(B).

23. Plaintiff's Second Claim for Relief must be dismissed.

WHEREFORE, defendant North Shore Gas respectfully requests that the Court:

A. Enter judgment in North Shore Gas' favor dismissing the Complaint with prejudice.

B. Award North Shore Gas its reasonable costs and fees, including attorney's fees.

C. Grant North Shore Gas such other and further relief as the Court deems just and proper.

Dated: August 29, 2025.
Milwaukee, Wisconsin

>Respectfully submitted,
>Stupar & Bartell, S.C.
>By: /s/ Thomas M. Bartell
>Thomas M. Bartell
>tbartell@ssblawsc.com
>633 W. Wisconsin Ave.
>Milwaukee, Wisconsin 53203-1918
>414-271-2866
>*Attorney for defendant*
>North Shore Gas

## EXHIBIT I.

### #0606283005-00013

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| - | - | - | 1/15/2021 | 69.84 |
| - | - | - | 1/15/2021 | 45.76 |

### #0606283005-00014

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 6/15/2022 | $64.10 | 6/30/2022 | 6/28/2022 | $64.10 |
| 7/19/2022 | $38.26 | 8/3/2022 | 8/4/2022 | $38.26 |
| 8/16/2022 | $40.09 | 8/31/2022 | 8/30/2022 | $40.09 |
| 9/16/2022 | $41.49 | 10/3/2022 | 9/23/2022 | $41.49 |
| 10/17/2022 | $37.81 | 11/1/2022 | 10/28/2022 | $37.81 |
| 11/11/2022 | $68.86 | 11/28/2022 | 11/26/2022 | $68.86 |
| 12/14/2022 | $138.13 | 12/29/2022 | 1/4/2023 | $138.13 |
| 1/17/2023 | $154.25 | 2/1/2025 | 2/3/2023 | $153.09 |
| 2/15/2023 | $162.89 | 3/2/2023 | - | - |

### #0606283005-00015

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| - | - | - | 1/31/2022 | 220.04 |
|  |  |  |  |  |

### #0606283005-00016

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 6/16/2022 | 102.99 | 7/1/2022 | 6/28/2022 | 102.99 |
| 7/19/2022 | 126.68 | 8/3/2022 | 8/30/2022 | 126.68 |
| 8/16/2022 | 133.64 | 8/31/2022 | 8/30/2022 | 133.64 |
| 9/16/2022 | 136.73 | 10/3/2022 | 9/23/2022 | 136.73 |
| 10/18/2022 | 184.42 | 11/2/2022 | 11/2/2022 | 184.42 |
| 11/11/2022 | 325.07 | 11/28/2022 | 11/26/2022 | 325.07 |
| 12/14/2022 | 745.32 | 12/29/2022 | 1/4/2023 | 745.32 |
| 1/17/2023 | 1265.76 | 2/1/2023 | 2/3/2023 | 1260.44 |
| 2/15/2023 | 1576.68 | 3/2/2023 | - | - |

### #0606283005-00017

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 6/15/2022 | $45.45 | 6/30/2022 | 6/28/2022 | $45.45 |
| 7/20/2022 | $41.86 | 8/4/2022 | 8/4/2022 | $41.86 |
| 8/16/2022 | $43.01 | 8/31/2022 | 8/30/2022 | $43.01 |
| 9/16/2022 | $45.73 | 10/3/2022 | 9/23/2022 | $45.73 |
| 10/17/2022 | $42.57 | 11/1/2022 | 10/28/2022 | $42.57 |
| 11/11/2022 | $68.62 | 11/28/2022 | 11/26/2022 | $68.62 |
| 12/14/2022 | $212.80 | 12/29/2022 | 1/4/2023 | $212.80 |
| 1/17/2023 | $278.76 | 2/1/2023 | 2/3/2023 | $277.15 |
| 2/15/2023 | $302.41 | 3/2/2023 | - | - |

### #0606283005-00018

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 5/24/2022 | 457.81 | 6/8/2022 | 6/7/2022 | 457.81 |
| 6/23/2022 | 278.66 | 7/8/2022 | 7/9/2022 | 278.66 |
| 7/25/2022 | 213.07 | 8/9/2022 | 8/4/2022 | 213.07 |
| 8/22/2022 | 220.23 | 9/6/2022 | 8/30/2022 | 220.23 |
| 9/23/2022 | 274.75 | 10/10/2022 | 10/5/2022 | 274.75 |
| 10/24/2022 | 307.35 | 11/8/2022 | 11/2/2022 | 307.35 |
| 11/22/2022 | 1,062.77 | 12/7/2022 | 12/9/2022 | 307.35 |
| 12/22/2022 | 1,715.81 | 1/6/2023 | 1/4/2023 | 1715.81 |
| 1/24/2023 | 1,708.29 | 2/8/2023 | 2/6/2023 | 1708.29 |
| 2/22/2023 | 1,536.92 | 3/9/2023 | - | - |

### #0606283005-00019

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 5/24/2022 | $806.36 | 6/8/2022 | 6/7/2022 | $806.36 |
| 6/23/2022 | $368.18 | 7/8/2022 | 7/9/2022 | $368.18 |
| 7/26/2022 | $261.77 | 8/10/2022 | 8/4/2022 | $261.77 |
| 8/22/2022 | $254.76 | 9/6/2022 | 8/30/2022 | $254.76 |
| 9/23/2022 | $311.19 | 10/10/2022 | 10/5/2022 | $311.09 |
| 10/21/2022 | $796.88 | 11/7/2022 | 11/2/2022 | $796.88 |
| 11/22/2022 | $1,181.31 | 12/7/2022 | 12/9/2022 | $1,181.31 |
| 12/22/2022 | $2,399.57 | 1/6/2023 | 1/4/2023 | $2,399.57 |
| 1/24/2023 | $2,847.19 | 2/8/2023 | 2/6/2023 | $2,399.57 |
| 2/22/2023 | $2,517.57 | 3/9/2023 | - | - |

**#0606283005-00020**

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 6/15/2022 | $49.16 | 6/30/2022 | 6/28/2022 | $49.16 |
| 7/19/2022 | $45.52 | 8/3/2022 | 8/4/2022 | $45.52 |
| 8/16/2022 | $47.80 | 8/31/2022 | 8/30/2022 | $47.80 |
| 9/16/2022 | $49.60 | 10/3/2022 | 9/23/2022 | $49.60 |
| 10/17/2022 | $46.94 | 10/1/2022 | 10/28/2022 | $46.94 |
| 11/14/2022 | $91.90 | 11/29/2022 | 12/9/2022 | $91.90 |
| 12/14/2022 | $192.72 | 12/29/2022 | 1/4/2023 | $192.72 |
| 1/17/2023 | $205.02 | 2/1/2023 | 2/3/2023 | $203.45 |
| 2/15/2023 | $204.66 | 3/2/2023 | - | - |

**#0606283005-00021**

| Date of Bill | Amount Billed | Due Date | Payment Received Date | Amount Received |
|---|---|---|---|---|
| 5/24/2022 | $466.63 | 6/8/2022 | 6/7/2022 | $466.63 |
| 6/23/2022 | $216.91 | 7/8/2022 | 7/9/2022 | $216.91 |
| 7/25/2022 | $167.54 | 8/9/2022 | 8/4/2022 | $167.54 |
| 8/22/2022 | $160.57 | 9/6/2022 | 8/30/2022 | $160.57 |
| 9/23/2022 | $182.53 | 10/10/2022 | 10/5/2022 | $182.53 |
| 10/21/2022 | $550.14 | 11/7/2022 | 11/2/2022 | $550.14 |
| 11/22/2022 | $764.90 | 12/7/2022 | 12/9/2022 | $764.90 |
| 12/22/2022 | $1,756.27 | 1/6/2023 | 1/4/2023 | $1,756.27 |
| 1/24/2023 | $1,918.45 | 2/8/2023 | 2/6/2023 | $1,918.45 |
| 2/22/2023 | $1,663.13 | 3/9/2023 | - | - |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter: 7 |
| Akorn Holding Company LLC, et al<br>Reorganized Debtors.[1] | Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 25-50300 (KBO) |
| NORTH SHORE GAS, | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2025, a copy of the foregoing **Notice of Retainer, Answer of North Shore Gas to Plaintiff's Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 And 550 and to Disallow Claims, and Certificate of Service** was mailed by first-class U.S. Mail, postage prepared and properly addressed to the following:

Attorney Evan T. Miller
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, DE 19801

Attorney Michelle Novick
Saul Ewing LLP
161 N Clark St Suite 4200
Chicago, IL 60601

Electronically signed by Thomas M. Bartell, Jr., Esq.

---

[1] The Debtor in this chapter 7 case, along with the last four digits of the Debtor's social security or federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located in 5605 CenterPoint Court, Gurnee, Illinois 60031.



```
ORIGIN ID:MKEA    (414) 271-8833        SHIP DATE: 29AUG25
THOMAS M. BARTELL, JR., ESQ.            ACTWGT: 1.00 LB
STUPAR & BARTELL, S.C.                  CAD: 103608942/INET4535
633 W WISCONSIN AVE
STE 1800
MILWAUKEE, WI 53203                     BILL SENDER
   UNITED STATES US

TO  USBC

    824 NORTH MARKET STREET

    WILMINGTON DE 19804
    (302) 252-2900          REF:
    INV:
    PO:                     DEPT:
```

58GJ4/A855/59F2



TRK# 8839 7276 7560
0201

TUE - 02 SEP 10:30A
PRIORITY OVERNIGHT

**XG ILGA**

19804
DE-US  PHL



4197 TUE 09/02 07:42
824 N MARKET ST
PRIORITY OVERNIGHT
743-4519FL
ETP:3    SP:PD:69:Y
19801-3024-99
WILMINGTON DE

# STUPAR & BARTELL, S.C.

**A Limited Liability Organization**
**Attorneys at Law**

George S. Stupar (1940-1975)

Michael P. Stupar
Thomas M. Bartell, Jr.

Suite 1800
633 West Wisconsin Avenue
Milwaukee, WI 53203-1955

414-271-8833
Fax: 414-271-2866
E-mail: ssc@ssclaw.com

Donald A. St. George, Jr.

RECEIVED
2025 SEP -2 A 10: 20
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

August 29, 2025

*via FedEx*

USBC
824 North Market Street
Wilmington, DE 19804

      Re: Akorn Holding Company, LLC
      Case No. 23-10253-KBO

To Whom It May Concern:

Enclosed please find the following:

1. Notice of Retainer;
2. Answer of North Shore Gas to Plaintiff's Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547,548 And 550 and to Disallow Claims with Certificate of Service.

Kindly review the enclosed documents and if the information and paperwork provided are sufficient to proceed, please file the above paperwork for this matter.

Should you have any questions or concerns, do not hesitate to contact our office.

Thank you for your assistance and cooperation in this matter.

Very truly yours,

Electronically signed by Thomas M. Bartell, Jr., Esq.
Tbartell@ssblawsc.com

Enclosures